PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS, NINTH FLOOR
NEW YORK, NEW YORK 10020
212-785-9100
www.pwlawyers.com

**MEMORANDUM ENDORSED**

1901 AVENUE OF THE STARS
SUITE 1458
LOS ANGELES, CALIFORNIA 90067
310-622-9200

May 28, 2026

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2026

**VIA ECF**

Hon. Gregory H. Woods
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12C
New York, New York 10007-1312

> Re:    <u>Nunez v. Metropolis Technologies, Inc.</u>, No. 1:26-cv-03249-GHW

Your Honor:

We represent Defendant Metropolis Technologies, Inc. ("Defendant") in the above-referenced matter. We write pursuant to Section 2(E) of Your Honor's Individual Rules of Practice in Civil Cases to respectfully request a pre-motion conference concerning Defendant's anticipated motion to dismiss the Complaint filed by Plaintiff Luis A. Nunez ("Plaintiff"), dated March 13, 2026, in part. Specifically, Defendant has identified grounds for dismissal of the following of Plaintiff's claims: (i) violation of the New York City Earned Safe and Sick Time Act ("ESSTA"); (ii) discrimination on the basis of age and national origin under the New York State Human Rights Law ("SHRL") and the New York City Human Rights Law ("CHRL"); (iii) retaliation under the SHRL and the CHRL; and (iv) violation of the equal pay provisions of the CHRL and the New York Labor Law ("NYLL"). For the reasons set forth herein, Defendant seeks leave to file a motion to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6).

Defendant also respectfully requests that the Court stay discovery pending resolution of Defendant's motion to dismiss. Plaintiff does not consent to Defendant's requests for a pre-motion conference and to stay discovery.

I.      **Plaintiff Does Not Adequately Allege Any ESSTA Violation Which Caused Him Injury (Fourth Cause of Action).**

The ESSTA generally prohibits an employer from: retaliating against employees for exercising ESSTA rights; denying or interfering with the exercise of protected safe or sick leave; or failing to provide required notices of ESSTA rights. <u>See</u> NYC Admin. Code §§ 20-911 <u>et seq.</u> In the Complaint, Plaintiff does not allege that he exercised or attempted to exercise any ESSTA rights, nor that Defendant interfered with or retaliated against any such exercise. <u>See generally</u> Compl. Instead, Plaintiff's only arguably non-conclusory ESSTA allegation is that "Defendant failed to provide Plaintiff with the required written notice of accrued paid safe or sick

PADUANO & WEINTRAUB LLP

leave rights and failed to post notice in the workplace." Compl. ¶ 49. Plaintiff, however, does not allege that he suffered injury because of the alleged failure to provide notice. A plaintiff must show "some causal connection between the lack of accurate notices and the downstream harm" and cannot rely solely on technical statutory violations to establish Article III standing. Guthrie v. Rainbow Fencing Inc., 113 F.4th 300, 308 (2d Cir. 2024). Accordingly, Plaintiff's ESSTA claim ought to be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).

II.    **Plaintiff's SHRL and CHRL Discrimination Claims Fail Because Plaintiff Does Not Allege Facts Giving Rise to an Inference of Age or National Origin Discrimination (Fifth and Seventh Causes of Action).**

A plaintiff asserting discrimination claims under the SHRL and CHRL must plead facts supporting an inference of discrimination. See Singh v. Accutime Watch Corp., No. 24-CV-8007 (JPO), 2025 U.S. Dist. LEXIS 135456, at *5-9 (S.D.N.Y. July 16, 2025). A plaintiff cannot establish a claim of discrimination by relying on conclusory allegations about unidentified comparators. Id. Here, the Complaint does not identify any similarly situated comparators outside of Plaintiff's protected classes who were treated more favorably or remarks or other conduct suggesting discriminatory animus based on age or national origin. See generally Compl. Plaintiff's references to "coworkers who were significantly younger and/or Dominican" and "younger and Dominican facility managers performing comparable jobs," id. ¶¶ 17, 21, are too conclusory to support an inference of discrimination. See Singh, 2025 U.S. Dist. LEXIS 135456, at *5-9. Plaintiff also fails to allege the ages of any purported comparators, which is fatal to his age discrimination claims. See Marcus v. Leviton Mfg. Co., 661 F. App'x 29, 31-33 (2d Cir. 2016). Plaintiff alleges no other facts supporting an inference of discriminatory intent. In addition, to the extent that Plaintiff asserts claims for hostile work environment under the SHRL or CHRL, those claims fail because Plaintiff's allegations do not rise above petty slights and trivial inconveniences. See Sosa v. Loc. Staff, LLC, 618 F. App'x 19, 20 (2d Cir. 2015).

Moreover, SHRL and CHRL claims are subject to three-year statutes of limitations. See Shukla v. Meta Platforms Inc., 23 Civ. 10150 (JGLC) (GS), 2024 U.S. Dist. LEXIS 126320, at *32-33 (S.D.N.Y. July 17, 2024). Plaintiff filed this action on March 13, 2026, and any conduct that occurred prior to March 13, 2023 is not actionable. In the Complaint, Plaintiff's allegations concerning undesirable job assignments and transfers, see Compl. ¶¶ 17-20, are undated. Thus Plaintiff has not plausibly alleged that his discrimination claims are timely to the extent premised upon those actions. Accordingly, Plaintiff's age and national origin discrimination claims ought to be dismissed.

III.    **Plaintiff's SHRL and CHRL Retaliation Claims Fail Because the Complaint Is Devoid of Non-Conclusory Allegations Regarding Plaintiff's Alleged Complaints (Sixth and Eighth Causes of Action).**

As stated supra Point II, Plaintiff's allegations concerning alleged undesirable transfers and assignments are undated. Thus, Plaintiff has not plausibly alleged that those alleged adverse actions fall within the three-year statutes of limitations of the SHRL and the CHRL. Claimant's retaliation claims fail to the extent they are premised upon undated adverse actions. Moreover, the Complaint generally fails to set forth the dates of Plaintiff's alleged protected

PADUANO & WEINTRAUB LLP

complaints.  See Compl. ¶ 17.  As such, Plaintiff has failed to plausibly allege causation by means of temporal proximity between protected activity and any adverse action.  See Kraiem v. JonesTrading Institutional Servs. LLC, 571 F. Supp. 3d 53, 60 (S.D.N.Y. 2021).  Plaintiff alleges no other facts from which to infer the causation required to establish a plausible retaliation claim.

The Complaint provides a date for just one purported complaint: June 27, 2025. See Compl. ¶ 22.  Plaintiff, however, does not specify the substance of this complaint, rendering it too vague and conclusory to support his retaliation claims.  See Lent v. City of New York, No. 150403/2020, 2021 N.Y. Misc. LEXIS 2920, at *15-16 (Sup. Ct. N.Y. Cnty., May 19, 2021). Accordingly, Plaintiff's SHRL and CHRL retaliation claims ought to be dismissed.

IV.     **Plaintiff's CHRL[1] and NYLL Equal Pay Claims Fail Because Plaintiff Does Not Adequately Identify Comparators or Pay Disparities (Ninth Cause of Action).**

To state a claim for an equal pay violation under the NYLL, a plaintiff must allege that he received lower pay for work performed "under similar working conditions" as an employee outside his protected class who performed the same or substantially similar work.  See NYLL § 194(a)-(b).[2]  Here, Plaintiff's theory is that he was transferred to a garage that was "the *least* desirable" and "riddled with drug dealers and gangs," while unidentified purported comparators worked at "high end garages in mid-town Manhattan."  See Compl. ¶¶ 17, 19.  Thus, Plaintiff's claim fails because he admits that he did not work "under similar working conditions" as the alleged comparators.

Moreover, the Complaint's conclusory allegations do not satisfy the pleading standard for a claim under NYLL § 194, which requires specific factual allegations regarding comparators' job duties.  See Eng v. City of New York, 715 F. App'x 49, 51-52 (2d Cir. 2017). Allegations such as that Plaintiff was "underpaid compared to coworkers" and was paid less than "employees outside Plaintiff's national origin performing the same or substantially similar work under similar working conditions," Compl. ¶¶ 17, 79, are far too conclusory to state a viable claim. See Eng, 715 F. App'x at 51-52.  Accordingly, Plaintiff's NYLL claim ought to be dismissed.

We thank the Court for its consideration of this request.

Respectfully submitted,

Cc: All counsel of record (via ECF)

/s/ Bryan Carr Olert
Bryan Carr Olert

---

Application granted.  The Court will hold a teleconference regarding defendant's proposed motion to dismiss on June 2, 2026 at 4:00 p.m  The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website.  Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Individual Rules.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 14.

SO ORDERED.
Dated:  May 28, 2026
New York, New York

GREGORY H. WOODS
United States District Judge

[1] The CHRL does not include an equal pay provision separate from its general antidiscrimination framework. Plaintiff's purported equal pay claim under the CHRL should be dismissed for the reasons set forth supra in Point II.
[2] Equal pay claims brought pursuant to New York Labor Law § 194 are analyzed under the same standards as the federal Equal Pay Act.  See Chiaramonte v. Animal Med. Ctr., 677 F. App'x 689, 689 n.1 (2d Cir. 2017).